IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jerome Antwan Cooper, | C/A No. 4:20-1437-JFA-TER |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Warden FCI Bennettsville, | |
| Respondent. | |

This matter is currently before the court on Jerome Antwan Cooper's action under 28 U.S.C. § 2241, in which he seeks prior-custody credit against his federal sentence for time spent in state custody, as well as a *nunc pro tunc* designation.

At the time Cooper filed his petition, he was incarcerated at FCI Bennettsville, located within the District of South Carolina. Accordingly, this court originally possessed jurisdiction to adjudicate Coopers claims asserted pursuant to §2241. "The federal habeas statute straightforwardly provides ... the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (quoting 28 U.S.C. § 2242).

However, since that time, Cooper has been transferred to FCI Memphis which is located in the Western District of Tennessee. (ECF No. 31). Accordingly, Respondent, the Warden of FCI Bennettsville, is no longer a proper party and this court does not have jurisdiction over Cooper's current custodian. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442, 124 S.Ct. 2711 (*quoting* 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing

the writ have jurisdiction over the custodian.'" *Id.* (*quoting Braden*, 410 U.S. at 495, 93 S.Ct. 1123). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445, 124 S.Ct. 2711. Consequently, the court has jurisdiction over Petitioner's § 2241 habeas petition only if it has jurisdiction over Petitioner's custodian. Here, the court lacks jurisdiction over Petitioner's current custodian, who is located in the Western District of Tennessee.

Accordingly, this action should be transferred to the proper jurisdiction for adjudication by the proper court. Thus, this action is hereby transferred to the United States District Court in the Western District of Tennessee.

IT IS SO ORDERED.

October 28, 2020                          Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge